IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:95cr3032 |
| | ) | |
| vs. | ) | Order on Initial Review |
| | ) | and on |
| RICHARD HANSEN, | ) | Motions to Proceed in Forma Pauperis |
| | ) | and for Appointment of Counsel |
| Defendant. | ) | |

This matter is before the court for initial review[1] of filing no. 187, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") filed by the defendant, Richard Hansen. Also before the court are filing no. 188, the defendant's Motion for Leave to Proceed In Forma Pauperis ("IFP"), accompanied by trust account information (filing no. 189) from the federal prison in which the defendant is presently incarcerated; and filing no. 190, the defendant's Motion for Appointment of Counsel.

As a preliminary matter, I note that no filing fee is required to initiate proceedings under 28 U.S.C. § 2255. Nevertheless, as filing nos. 188 and 189 reflect that the defendant qualifies for IFP status, I will grant filing no. 188. In addition, the defendant requests appointment of counsel to assist him in this matter. I will grant filing no. 190 and appoint the Federal Public Defender for the District of Nebraska, or another attorney on the CJA panel selected by the Federal Public Defender, to represent the defendant in connection with his § 2255 motion.

The defendant was convicted on or about December 5, 2003 (filing nos. 181 and

---

[1] See Rule 4, entitled "Preliminary Review," of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, as amended effective December 1, 2004:

(a) Referral to a Judge. The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

(b) Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

1

182) on a plea of guilty to a violation of a condition of supervised release (commission of a crime while serving supervised release).  He did not appeal the judgment.  While not entirely clear, it appears that he does not challenge the 2003 judgment, but instead objects to the action by an officer of the Nebraska State Patrol who issued a citation to the defendant on July 25, 2005, after the defendant refused to comply with the officer's demand that the defendant register as a sex offender under the Sex Offender Registration Act.  Whether the State Patrol's citation will ever result in confinement of the defendant and whether this is a matter more appropriately brought pursuant to 28 U.S.C. § 2254 instead of 28 U.S.C. § 2255 I leave to the United States and the defendant to discuss in their pleadings.  Thus, I will order the United States to answer or otherwise respond to the defendant's claims.

THEREFORE, IT IS ORDERED:

1.That filing no. 188, the defendant's Motion for Leave to Proceed In Forma Pauperis, is granted;

2.That filing no. 190, the defendant's Motion for Appointment of Counsel, is granted; the Federal Public Defender for the District of Nebraska, or another attorney on the CJA panel selected by the Federal Public Defender, is appointed to represent the defendant in this matter, and the defendant's counsel shall both enter an appearance and confer with the defendant by no later than August 31, 2006;

3.That upon initial review, I conclude that summary dismissal of the defendant's § 2255 motion is not appropriate;

3.That by September 25, 2006, the United States shall answer or otherwise respond to the defendant's § 2255 motion, and the United States shall file an accompanying brief; and

4.That by October 25, 2006, the defendant shall file a reply.

DATED this 15th day of August, 2006.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge