IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:95CR3032 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD HANSEN, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO VACATE, |
| Defendants. | ) | SET ASIDE OR CORRECT SENTENCE |
| | ) | PURSUANT TO 28 U.S.C. § 2255 |

On July 28, 2006, the defendant, Richard Otto Hansen, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (See filing 187.)[1]  See also 28 U.S.C. § 2255.  In this motion, Hansen argues that he involuntarily pleaded guilty to violating the conditions of his supervised release; more specifically, he claims that his plea was "induced by misrepresentation, including unfulfilled or unfulfillable promises a[]part of, and apart from, a plea agreement between the Movant, the State of Nebraska, and the United States of America.  (See filing 187 at 3.)  For the following reasons, I find that the defendant, who is now represented by counsel, must submit a brief that clarifies his claims and his basis for bringing them under § 2255.

## I.   BACKGROUND

In a superceding indictment filed on August 16, 1995, the defendant was charged with participating in a conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  (See filing 42.)  On November 13, 1995, the defendant filed a petition to enter a plea of guilty, (see filing 64), and on January 23, 1996, he was sentenced to the custody of the Bureau of Prisons for a term of 65 months to be followed by

---

[1]On this same date, Hansen filed a petition for a writ of habeas corpus.  See Hansen v. Rios, No. 8:06CV518, (D. Neb. filed July 28, 2006).  This petition was dismissed by me on August 18, 2006.  See Hansen, No. 8:06CV518, (D. Neb. Aug. 18, 2006).

1

four years of supervised release, (see filings 79-80).

It appears that the defendant began his term of supervised release on March 31, 2000. (See filing 154 at 1.)  A Report on Offender Under Supervision, which was filed under seal on January 23, 2003, and unsealed by me on September 30, 2003, alleges that the defendant violated a condition of his release by committing "another Federal, state or local crime" in January 2003. (Id.)  More specifically, the report alleges that "[o]n January 16, 2003, [the defendant] was arrested in Superior, Nebraska, by the Superior Police Department for Sexual Assault on a Minor and First Degree Sexual Assault on an Individual Under the Age of 16." (Id.)  A revocation hearing was held on October 3, 2003,[2] and at this hearing the defendant admitted the allegation set forth in the report.  (See filings 168, 169.)  A disposition hearing was scheduled for October 28, 2003.  (See filings 168, 169.)

On October 28, 2003, the United States filed a motion to continue the disposition hearing until the pending state charge against the defendant could be resolved.  (See filing 176.)  This motion was granted, (see filing 177), and the disposition hearing was rescheduled for December 5, 2003, (see filing 179).

On November 19, 2003, a Nebraska court sentenced the defendant to a term of imprisonment of twenty months to five years, with eligibility for parole in July 2005.  (See Updated Presentence Report dated Dec. 3, 2003; see also filing 187 at 3.)  The defendant alleges that this sentence was imposed after he pleaded guilty to charges of pandering in violation of Nebraska Revised Statute section 28-802(d).  (See filing 187 at 3.)

On December 5, 2003, I revoked the defendant's supervised release and sentenced the defendant to the custody of the Bureau of Prisons for a term of 36 months.  (See filing 181.)  In addition, I ordered that the defendant's sentence be consecutive to the sentence ordered by the State of Nebraska.  (See id.)  The defendant did not appeal this sentence.

On July 28, 2006, the defendant filed the instant motion.  (See filing 187.)  He alleges,

> On July 25, 2005, at the Nebraska State Penitentiary in Lincoln, Nebraska,
> prior to the Movant's transfer from the custody of the Nebraska Department of

---

[2]The courtroom minutes indicate that the hearing was held on October 6, 2003; however, the minutes themselves were filed on October 3, 2003.  (See filing 169.)

Correctional Services to the custody of the United States Marshals Service for the District of Nebraska, a Nebraska State Patrol officer asked the Movant to register as a sex offender under Neb. Rev. Stat. § 29-4011 of the Sex Offender Registration Act.  The Movant refused or failed to sign the registration form based on the fact that he had pled guilty to a non-registerable pandering offense.  The state patrol officer issued the Movant a citation, in lieu of arresting him, for allegedly violating Neb. Rev. Stat. § 29-4011, thereby, violating the terms of the plea agreement between Movant Hansen, the State of Nebraska, and the United States of America.  An hour later, the Movant was transferred to federal custody for transfer to the Federal Bureau of Prisons to begin serving his consecutive federal sentence for allegedly violating the conditions of his federal supervised release.  The Movant was scheduled to appear in Lancaster County court in Lincoln, Nebraska on August 12 or 15, 2005 to answer the complaint.  The Movant was unable to appear due to being in the custody of the United States Marshals Service at Correction Corporation of America, Inc.'s Leavenworth Detention center in Leavenworth, Kansas.

(Filing 187 at 4-5.)  Based upon the foregoing allegations, he argues,

The actions of the state patrol officer of the State of Nebraska in issuing Movant Hansen a citation, in lieu of arresting him, for refusing or failing to register as a sex offender under Neb. Rev. Stat. § 29-4011 of the Sex Offender Registration Act, when the Movant had pled guilty to a non-registrable pandering offense, violated the terms of the plea agreement between movant Hansen, the State of Nebraska, and the United States of America, and violated Movant Hansen's federal constitutional right to not be deprived of his liberty without procedural, and substantive, due process of law protection under the Fifth Amendment to the United States Constitution[.]

(Id. at 2-3.)

## II.   STANDARD OF REVIEW

A motion to vacate, set aside, or correct a sentence may be based upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255. An evidentiary hearing need not be held if the case files and records show conclusively that the prisoner is entitled to no relief.  See id.; see also Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be

3

accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.")

### III.   ANALYSIS

The United States argues first that the defendant's motion must be dismissed because it was not filed within the applicable limitations period.  (See filing 197 at 1-7.)  A § 2255 motion must be filed within a one-year period that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

Clearly, the defendant did not file his motion within the one-year period that began to run on the date specified in subparagraph 6(1) of § 2255.  The United States points out, correctly, that because neither party appealed the judgment of conviction, the judgment became final no later than December 23, 2003.  (See filing 182 (indicating that the judgment was entered on December 9, 2003)); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed within 10 days after . . . the entry of . . . the judgment . . . being appealed").  If the limitations period began to run December 23, 2003, the defendant was required to file his § 2255 motion on or before December 23, 2004.  However, the defendant did not file his motion until July 24, 2006.  (See filing 187 at 8); see also Rule 3(d) Governing Section 2255 Proceedings for the United States District Courts.

The defendant argues that his motion was filed in good time because the limitation period began to run on the date specified in subparagraph (4).  He states,

> July 25, 2005, was the date on which the facts supporting the ground or grounds presented in this motion could have been discovered through the exercise of due diligence because July 25, 2005, was the date on which the state patrol officer of

4

> the State of Nebraska violated the terms of the plea agreement between Movant
> Hansen, the State of Nebraska, and the United States of America, by issuing the
> Movant a citation, in lieu of arresting him, for refusing or failing to register as a
> sex offender under Neb. Rev. Stat. § 29-4011 of the Sex Offender Registration
> Act, when the Movant had pled guilty to a non-registerable pandering offense.

(Filing 187 at 6.)   If the one-year limitations period did indeed begin to run on July 25, 2005, it appears that the defendant's motion, which was filed on July 24, 2006, was filed in good time.

In response, the United States argues that the defendant cannot rely upon subparagraph (4) without "set[ting] forth supporting facts showing he acted in due diligence in pursuing his case during the period sought to be tolled."  (Filing 197 at 6.)  It is true that "[t]he plain language of paragraph 6(4) makes clear that [movants] must show the existence of a new fact, while also demonstrating they acted with diligence to discover the new fact." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).  Here, however, the defendant seems to argue that the "new fact" is the citation he received from the State Patrol on July 25, 2005, in violation of an alleged plea agreement.  If this new fact forms the basis of his § 2255 motion, it is difficult to see how the defendant might have discovered this fact prior to July 25, 2005, through the exercise of due diligence.

The United States argues that even if the defendant's motion is timely, it must nevertheless be dismissed because "the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (Filing 197 at 9 (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)); see also id. at 7-13.)  The United States' argument is not without force.  Indeed, I find that the defendant's allegation that he received a citation from a state patrol officer in violation of a federal plea agreement is contradicted by the record.  There is no indication that the United States entered into a plea agreement that relates to the defendant's violation of the conditions of his supervised release.  On the contrary, the record indicates that the defendant admitted his violation during the October 3, 2003, revocation hearing, (see filing 169), and I note parenthetically that this admission predated the defendant's state conviction and any plea agreement that the defendant may have made with the State of Nebraska.  (See filing 187 at 3 (alleging that the defendant's

5

state plea agreement was reached on November 19, 2003).)  Therefore, insofar as the defendant's § 2255 motion is based upon a theory that the July 25, 2005, citation violates a plea agreement that the defendant entered into with the United States (or somehow establishes that the defendant entered into such a plea agreement involuntarily), I find that his allegations cannot be accepted as true because they are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

It may be that the defendant means to argue that the citation issued on July 25, 2005, violated his plea agreement with the State of Nebraska.  Perhaps such an agreement existed, and perhaps the issuance of the citation violated the agreement.  Even if the citation calls into doubt the defendant's state conviction for pandering, however, "it does not necessarily follow that a § 2255 motion is an appropriate vehicle for determining whether a [state] conviction later used to enhance a federal sentence was unconstitutionally obtained." Daniels v. United States, 532 U.S. 374, 380-81 (2001).

The defendant submitted a brief in support of his § 2255 motion.  (See filing 192.)  The brief was prepared by the defendant without the assistance of counsel, and it appears that pages are missing from it.  (See generally id.)  The defendant has since obtained counsel, (see filing 195), though counsel did not file a reply brief in support of the defendant's § 2255 motion as I directed in my order of August 15, 2006, (see filing 193 at 2, ¶ 4).[3]

Because the basis for the defendant's § 2255 motion is unclear, I shall direct counsel to file a reply brief within twenty days of the date of this order.  This reply brief should address the arguments raised in the United States' brief, (filing 197), including those arguments that concern the timeliness of the defendant's motion, and clearly state the grounds for the motion.  If the defendant's position is that he should be allowed to attack collaterally his guilty plea in state court, he must explain why such an attack ought to be permitted via § 2255.  In the event that no reply brief is filed, the defendant's motion will be dismissed.

**IT IS ORDERED** that:

1.      The defendant shall file a reply brief in support of his § 2255 motion within

---

[3]I note that counsel entered his appearance after the date of this order.  (See filings 193, 195.)

twenty days of the date of this order;

2.      The defendant's reply brief must address the issues specified in the memorandum accompanying this order; and

3.      If the defendant fails to file a reply brief, his § 2255 motion will be dismissed as an impermissible collateral attack upon a prior state conviction.

Dated November 7, 2006.

                                BY THE COURT

                                s/ Warren K. Urbom
                                United States Senior District Judge