IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:95CR3032 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S SECOND MOTION TO |
| v. | ) | VACATE, SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 U.S.C. § |
| RICHARD HANSEN, | ) | 2255 |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 13, 2008, the defendant, Richard Otto Hansen, filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (See filing 205.) For the following reasons, I find that the defendant's motion must be dismissed.

### I.  BACKGROUND

In a superceding indictment filed on August 16, 1995, the defendant was charged with participating in a conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. (See filing 42.) On November 13, 1995, the defendant pleaded guilty, (see filings 64, 65), and on January 23, 1996, he was sentenced to the custody of the Bureau of Prisons for a term of 65 months, to be followed by four years of supervised release, (see filings 79-80).

On March 31, 2000, the defendant began his term of supervised release. (See, e.g., Updated Presentence Investigation Report (Feb. 10, 2003) at 1.) A Report on Offender Under Supervision, which was filed under seal on January 23, 2003, and unsealed on September 30, 2003, alleged that the defendant violated a condition of his release by committing "another Federal, state or local crime" in January 2003. (Id.) More specifically, the report alleges that "[o]n January 16, 2003, [the defendant] was arrested in Superior, Nebraska, by the Superior Police Department for Sexual Assault on a Minor and First Degree Sexual Assault on an Individual Under the Age of 16." (Id.) The defendant admitted this allegation on October 3,

1

2003, and a disposition hearing was scheduled for October 28, 2003.  (See filings 168, 169.)  The disposition hearing was later continued pending the resolution of the state charge against the defendant.  (See filing 176.)  On December 5, 2003, I revoked the defendant's supervised release and sentenced the defendant to the custody of the Bureau of Prisons for a term of 36 months.  (See filings 181-182.)  In addition, I ordered that the defendant's sentence be consecutive to the sentence ordered by the State of Nebraska.  (See id.)  The judgment was entered on December 9, 2003, (see filing 182), and the defendant did not file an appeal.

On July 28, 2006, the defendant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (see filing 187), and a petition for a writ of habeas corpus, see Hansen v. Rios, No. 8:06CV518, (D. Neb. filed July 28, 2006).[1]  In his § 2255 motion, the defendant alleged that on July 25, 2005, prior to his transfer of custody from the Nebraska Department of Correctional Services to the United States Marshal's Service, "a Nebraska State Patrol officer asked [him] to register as a sex offender under Neb. Rev. Stat. § 29-4011 of the Sex Offender Registration Act."  (Filing 187 at 4.)  He alleged further that he refused to register, that the officer issued him a citation for failing to register, and that this citation violated the terms of his plea agreements with the State of Nebraska and the United States.  (Id.)  This motion was dismissed on November 28, 2006.  (Filing 199.)

On March 13, 2008, the defendant filed a second § 2255 motion.  (See filing 205.)  In this motion, the defendant argues that his attorney provided ineffective assistance in 1995 by 1) failing to investigate and proceed to trial on a defense of diminished capacity or involuntary intoxication; 2) failing to investigate and proceed tor trial on a defense of insanity; 3) failing to investigate and proceed to trial on a "general sufficiency of the evidence defense"; and 4) "refusing or failing to challenge the constitutionality of the Insanity Defense Reform Act of 1984."  (See generally filing 205.)  In addition, he argues that I committed "unprofessional errors" by "refusing or failing to employ the utmost solicitude in canvassing [his] plea of guilty with him to make sure he had a full understanding of what the plea connoted and of its consequence."  (Id. at 7.)  My analysis of this motion follows.

---

[1] The petition for a writ of habeas corpus was dismissed on August 18, 2006.  See Hansen, No. 8:06CV518, (D. Neb. Aug. 18, 2006).

## II.   ANALYSIS

"Second or successive" motions under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A) states, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, the defendant has filed a second § 2255 motion, and he has not obtained an order authorizing me to consider the motion. The law is clear: The Eighth Circuit's authorization is "a prerequisite under 28 U.S.C. § 2244(b)(3) to the filing of a second or successive habeas petition." Boyd v. United States, 304 F.3d 813, 814 (2002) (per curium).

**IT IS THEREFORE ORDERED** that the defendant's § 2255 motion, filing 205, is dismissed.

Dated May 14, 2008.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge