IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:95CR3032 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD HANSEN, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S REQUEST FOR |
| Defendants. | ) | ISSUANCE OF A CERTIFICATE OF |
| | ) | APPEALABILITY |

Now before me is the defendant's "Request for Issuance of a Certificate of Appealability," filing 213. The defendant seeks to appeal the "Memorandum and Order on Defendant's Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255," (filing 210), and its accompanying Judgment, (filing 211), both of which were entered on May 14, 2008.

In accordance with the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 § 102, 28 U.S.C. § 2253(c)(1)(B), an appeal may not be taken to the court of appeals from the final order in a proceeding under § 2255 unless the defendant obtains a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the certificate "shall indicate which specific issue or issues satisfy [this] showing." 28 U.S.C. § 2253(c)(2)-(3). Generally, the requirement of a "substantial showing of the denial of a constitutional right" is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). The inquiry is somewhat different, however, when a § 2255 motion is denied not on the merits, but on a procedural ground. See id. In this case, the defendant's § 2255 motion was dismissed because I determined that it was a "second or successive" motion that was filed without the proper certification. (See filing 210 at

1

3.)  See also Boykin v. United States, No. 99-3369, 2000 WL 1610732, at *1 (Oct. 30, 2000) (holding that the district court lacked jurisdiction to entertain a second § 2255 motion that was filed without proper certification).  Thus, the motion was denied before the defendant's underlying constitutional claims were analyzed.  Under these circumstances, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  In other words,

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.  Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments.  The recognition that the "Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," Ashwander v. TVA, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring), allows and encourages the court to first resolve procedural issues.  The Ashwander rule should inform the court's discretion in this regard.

Id. at 484-85.

It seems to me that jurists of reason would find it debatable whether my dismissal of the defendant's § 2255 motion was correct.  On the one hand, the defendant's second § 2255 motion raises issues that are based on events that occurred at the time of his 1995 conviction, and these issues were clearly available for the defendant to raise in his first § 2255 motion.  In other words, this is not a case in which a prisoner has raised claims in a second § 2255 motion that did not arise until after the filing of the first § 2255 motion.  Cf. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003).  On the other hand, and as the defendant correctly notes in his request for a certificate of appealability, his first § 2255 motion challenged the 2003 judgment that was entered upon the revocation of his supervised release, (filing 182), while his second § 2255 motion challenges the judgment that was entered upon his sentencing in 1996, (see filing 80).

Because Rule 2 Governing Section 2255 Proceedings for the United States District Courts provides that "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment," a reasonable jurist could conclude that the defendant was required to separate his claims into two motions, and that under the circumstances, the second § 2255 motion did not amount to a "second or successive" motion for the purposes of the certification requirement.

It remains to be determined whether the defendant has shown "that jurists of reason would find it debatable whether [his motion] states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484. Bearing in mind the Ashwander rule, it seems to me that I ought to consider not only whether the defendant's motion states a "debatably valid" claim of the denial of a constitutional right, but also whether there are any other procedural grounds upon which the case may hinge that, due to my determination that I lacked jurisdiction to consider the defendant's motion, were not addressed in my memorandum and order of May 14, 2008.

There is indeed an additional procedural ground for dismissing the defendant's second § 2255 motion: the defendant's second § 2255 motion was not filed timely. Section 2255 motions must be filed within a one year period that begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. The defendant's motion was not filed within one year of "the date on which the judgment of conviction [became] final." 28 U.S.C. § 2255, ¶ 6(1). The judgment of conviction was filed on January 23, 1996, (see filing 80), and it was not appealed. Thus, the judgment became final ten days later–on or about February 6, 1996. See Fed. R. App. P. 4(b)(1)

(providing that the defendant's notice of appeal must be filed within ten days of the entry of judgment); Fed. R. App. P. 26(a) (setting forth rules for computing time). Because the defendant's conviction became final prior to the April 24, 1996, effective date of the AEDPA, "a one-year grace period began to run after the AEDPA's effective date." United States v. Lurie, 207 F.3d 1075, 1077 n.3 (8th Cir. 2000). Taking into account this grace period, the limitations period specified in paragraph 6(1) of § 2255 expired on or about April 24, 1997. The defendant's motion was filed on March 13, 2008, (see filing 205), more than ten years after the expiration of the one-year grace period.

The defendant argues that his motion is nevertheless timely for three reasons. (See filing 205 at 8.) First, citing Daniels v. United States, 532 U.S. 374, 383, 384 n.2 (2001), he claims that "[o]n December 5, 2003, the judgment [challenged] in this motion was used as the predicate conviction to sentence [the defendant] to a separate term of imprisonment for allegedly violating the conditions of his supervised release." (Filing 205 at 8.) Second, citing Johnson v. United States, 544 U.S. 295 (2005), the defendant claims that he "has exercised due diligence in challenging the judgment." (Filing 205 at 8.) Finally, the defendant argues that he "is actually innocent of the intent element of the charged offenses." (Id.) I shall consider each argument in turn.

In Daniels v. United States, 532 U.S. 374, 384 (2001), the Supreme Court held that a prisoner's "federal sentence was properly enhanced pursuant to the [Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)] based on his four facially valid prior state court convictions." The Court explained that "[b]ecause [the prisoner] failed to pursue remedies that were otherwise available to challenge his [prior] convictions, he may not now use a § 2255 motion to collaterally attack those convictions." Id. The defendant argues that Daniels stands for the proposition that § 2255 "is broad enough to cover a claim that a current sentence enhanced by an allegedly unconstitutional prior conviction violates due process." (Filing 205 at 8.) Even if the defendant has accurately stated a rule announced in Daniels, however, I fail to see how this rule avails him. The revocation of the defendant's supervised release is not analogous to a sentence enhancement based on prior state court convictions. Even if it were, the defendant claims that he is not challenging the "current sentence" (i.e., the 2003 judgment associated with

4

the revocation of his supervised release), but rather the "prior conviction" (i.e., the judgment entered in 1996).[1]  <u>Daniels</u> does not suggest that the defendant may use § 2255 to attack the 1996 judgment merely because his supervised release was revoked in 2003.  More importantly, I am not persuaded that the revocation of the defendant's supervised release affected the running of the statutory limitations period for challenging the 1996 judgment; nor am I persuaded that the revocation of the defendant's supervised release amounted to an "extraordinary circumstance" beyond the defendant's control that might warrant equitable tolling of the limitations period.[2]

In <u>Johnson v. United States</u>, 544 U.S. 295, 298 (2005), the Court concluded that when a prisoner attacks his federal sentence on the ground that a state conviction used to enhance that sentence has been vacated, the limitations period specified in § 2255, ¶ 6(4) begins to run when the prisoner "receives notice of the order vacating the prior [state] conviction, provided that he has sought it with due diligence in state court."  Citing <u>Johnson</u>, the defendant suggests (in conclusory fashion) that his second § 2255 motion is timely because he has "exercised due diligence in challenging the judgment."  (Filing 205.)  <u>Johnson</u>, however, does not stand for the proposition that a § 2255 motion is timely under paragraph 6(4) whenever a defendant claims that he has "exercised due diligence in challenging the judgment."  On the contrary, the Court noted that "[t]he text of § 2255, ¶ 6(4) clearly links the running of the limitation period to the <u>discovery of facts</u> supporting the claim or claims presented."  <u>Johnson</u>, 544 U.S. at 305 (emphasis added).  In other words, the defendant's second motion is not timely under paragraph 6(4) unless he is able to show that the relevant facts could not have been discovered through the exercise of due diligence until some recent time.  The defendant has made no such showing.  Therefore, I am not persuaded that the defendant's alleged "due diligence" places his second § 2255 motion within the limitations period specified in § 2255 ¶ 6(4).  Nor am I persuaded that it

---

[1] I note in passing that to the extent that the defendant is challenging the 2003 judgment entered upon the revocation of his supervised release, then it is clear that his second motion is in fact a "second or successive" motion that was filed without the proper certification.  (<u>See generally</u> filings 187, 210.)

[2] The Eighth Circuit has held that equitable tolling is appropriate in § 2255 cases "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing."  <u>United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005).

5

warrants equitable tolling.

As noted above, the defendant also argues that his motion should be deemed timely because he "is actually innocent of the intent element of the charged offenses." (Filing 205 at 8.) An actual innocence claim is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Wadlington v. United States, 428 F.3d 779, 783 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)). A defendant must do more than present an "unsupported allegation" of actual innocence, however, in order to obtain equitable tolling of the limitations period. Neuendorf v. Graves, 110 F. Supp. 1144, 1159 (N.D. Iowa 2000). Rather, he must come forward with "'new reliable evidence . . . not presented at trial' establishing . . . 'that it is more likely than not that no reasonable juror would have convicted [him] in light of the new evidence.'" Id. (quoting Lee v. Kemna, 213 F.3d 1037, 1039 (8th Cir. 2000), vacated on other grounds, 534 U.S. 362). See also House v. Bell, 547 U.S. 518, 536-37 (2006); Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002). Here, the defendant has submitted no evidence or argument in support of his claim that he is "actually innocent." (See filing 205 at 8.) This bare, unsupported allegation is insufficient to justify the tolling of the limitations period.

In summary, the defendant has failed to show that his second § 2255 motion was filed within one year of any of the dates specified in 28 U.S.C. § 2255, ¶ 6, and he has not shown that the limitations period ought to be tolled in the interests of equity. Thus, his motion is untimely. In light of this fact, "a plain procedural bar is present," and I find that no reasonable jurist could conclude "that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the defendant's request for a certificate of appealability, filing 213, is denied.

Dated June 24, 2008.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge